UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT JAMISON, #526783,

        Plaintiff,

                                      CASE NO. 2:14-CV-13394
v.                                 HONORABLE GERALD E. ROSEN

JOANNE E. HOLLY, et al.,

        Defendants.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

## I.    INTRODUCTION

Michigan prisoner Robert Jamison ("Plaintiff") has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 asserting that the defendants violated his rights under federal and state by denying/saying they would deny him medical care during a pre-sentence interview, including polygraph results in the pre-sentence report without his consent, and filing a false arrest warrant. He asserts violations of the Eighth Amendment, the Fourteenth Amendment, and various provisions of Michigan law, including the Polygraph Protection Act of 1981. He names the Lenawee County Probation Department, probations officers Joanne E. Holly and Darlene Riggs, and probation supervisor Larry D. Patton as the defendants in this action. He sues the

defendants in their personal and official capacities and seeks monetary damages. Plaintiff has been granted leave to proceed without prepayment of the fees and costs for this action. *See* 28 U.S.C. § 1915(a)(1).

## II.   DISCUSSION

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed.

2

R. Civ. P. 8(a)(2), (3).  The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).  While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555.  Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law.  *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

### A.   Claims Against the Lenawee County Probation Department

As an initial matter, the Court finds that Plaintiff's claims against the Lenawee County Probation Department are subject to dismissal because it is not a legal entity

subject to suit.  Section 1983 imposes liability on any "person" who violates an individual's federal constitutional or statutory rights.  It is well-established that county agencies, departments, and jails are not legal entities amenable to suit under § 1983. *See Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002); *Coopshaw v. Lenawee Co. Sheriff's Office of Lenawee Co.*, No. 05-CV-72569, 2006 WL 3298898, *6-7 (E.D. Mich. Nov. 14, 2006) (citing cases); *see also Petty v. County of Franklin, Ohio, et al.*, 478 F.3d 341, 347 (6th Cir. 2007); *Johnson v. Harris*, No. 1:08cv36, 2009 WL 277992, *10 (E.D. Tenn. Feb. 5, 2009) (county probation department was not an entity subject to suit).  Plaintiff's claims against the Lenawee County Probation Department must therefore be dismissed.[1]

### B.    Claims Against Defendant Riggs

Plaintiff names probation officer Darlene Riggs as a defendant in this action. Plaintiff, however, does not allege any facts demonstrating her personal involvement in the events giving rise to this action.  It is well-settled that a plaintiff must allege the personal involvement of a defendant to state a civil rights claim under 42 U.S.C. § 1983.  *See Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978) (Section 1983 liability cannot be based upon a theory of *respondeat superior* or vicarious

---

[1]The Court notes that Plaintiff sued the Lenawee County Probation Department in a similar civil rights action before another judge in this district.  The court dismissed that complaint in part because the probation department is not a legal entity subject to suit.  *See Jamison v. Lenawee Co. Probation Dept.*, No. 2:14-CV-13995, 2014 WL 6810409, *2 (E.D. Mich. Dec. 2, 2014) (Tarnow, J).

liability); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (same); *see also Taylor v. Michigan Dep't of Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995) (plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Plaintiff does not allege any facts to show that defendant Riggs engaged in unconstitutional conduct. Plaintiff thus fails to state a claim upon which relief may be granted as to defendant Riggs.

### C.   Medical Care Claim

Plaintiff alleges that one of the probation officers, presumably Joanne Holly, the investigating agent, denied him proper medical care during a pre-sentence interview by saying that he was being punished and was not deserving of medical treatment. The United States Supreme Court has held that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The deliberate indifference standard requires an inmate plaintiff to show that prison official defendants acted with a reckless disregard of a known risk of serious harm to the prisoner. *See Farmer v. Brennan*, 511 U.S. 825, 836 (1994). A plaintiff may establish deliberate indifference by a showing of grossly inadequate medical care. *Terrance v. Northville Regional Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002).

Plaintiff makes no such showing. First, he alleges no facts to show that

defendant Holly (or any of the defendants) were, or are, responsible for his medical care. Second, he alleges no facts to show that he was actually denied needed medical care by the defendants or that he suffered any resulting injury while in custody. Conclusory allegations are insufficient to state a civil rights claim. *See, e.g., Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003); *see also Crawford-El v. Britton*, 523 U.S. 574, 588 (1998). Third, any allegations of verbal harassment or threats are insufficient to state a civil rights claim under § 1983. *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *Davis v. Michigan Dept. of Corrections*, 746 F. Supp. 662, 667 (E.D. Mich. 1990); *see also Miller v. Wertanen*, 109 Fed. Appx. 64, 65 (6th Cir. 2004). Plaintiff thus fails to state a claim upon which relief may be granted under § 1983 as to this issue.

### D.     Pre-Sentence Report and False Arrest Complaint Claims

Plaintiff also alleges that probation officer Joanne Holly and supervisor Larry Patton violated his due process rights by placing polygraph test results in his pre-sentence report without his consent and by filing a false arrest complaint. To the extent that Plaintiff seeks to challenge his state criminal proceedings and current confinement, Plaintiff fails to state a claim upon which relief may be granted under § 1983. A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment, *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), not the validity of continued confinement. *See Heck v. Humphrey*, 512 U.S.

477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254).  This holds true regardless of the relief sought by the plaintiff.  *Id*. at 487-89.

*Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).  The underlying basis for the holding in *Heck* is that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments."  *Heck*, 512 U.S. at 486.  Thus, to the extent that Plaintiff challenges the validity of his sentence and/or an arrest complaint, his claims concern the validity of his criminal proceedings.  Such claims are barred by *Heck* and must be dismissed.

Moreover, even if not barred by *Heck*, these claims must be dismissed.  First, there is no federal constitutional right to a pre-sentence investigation and report.

7

*Bridinger v. Berghuis*, 429 F. Supp. 2d 903, 909 (E.D. Mich. 2006); *Allen v. Stovall*, 156 F. Supp. 2d 791, 797 (E.D. Mich. 2001). Therefore, the mere presence of hearsay or inaccurate information in a pre-sentence report does not constitute a denial of due process   *Hili v. Sciarrotta*, 140 F.3d 210, 216 (2d Cir. 1998).[2]   Second, Plaintiff's claim regarding a false arrest complaint is purely conclusory.  He provides no facts to show that the defendants were responsible for preparing an arrest complaint or any facts to show that any arrest complaint was false.  As discussed *supra*, conclusory allegations are insufficient to state a civil rights claim.  Plaintiff thus fails to state a claim upon which relief may be granted under § 1983 as to these issues.

### E.    State Law Claims

Plaintiff also asserts violations of several state laws in his complaint.  To prevail on a claim under 42 U.S.C. § 1983, a plaintiff must prove the defendant deprived the plaintiff of a right protected by the Constitution or laws of the United States while acting under the color of state law.  *Gomez v. Toledo*, 446 U.S. 635, 640.  State laws do not create federal constitutional rights actionable under § 1983. *Wilson v. Morgan*,

---

[2]The Court notes that Plaintiff's claims concerning his pre-sentence report are also likely barred by *res judicata*.  Plaintiff challenged the inclusion of polygraph results in his pre-sentence report in habeas proceedings before another judge in this district.  The court denied relief on that claim finding that it concerned a perceived a violation of state law and failed to state a federal due process claim. *See Jamison v. Bergh*, No. 14-CV-13658, 2014 WL 6810398, *2 (E.D. Mich. Dec. 2, 2014) (Tarnow, J.).  That finding has a preclusive effect in this action. *See Reaves v. Pennsylvania Bd. of Prob. & Parole*, 580 F. App'x 49, 52 (3d Cir. 2014) (adjudication of the plaintiff's claim in a prior habeas petition had preclusive effect in his civil rights action raising the same claim); *Hawkins v. Risley*, 984 F.2d 321 (9th Cir. 1993) (same).

477 F.3d 326, 332 (6th Cir. 2007). Consequently, alleged violations of state law are not cognizable under § 1983. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Plaintiff's assertion that the defendants violated various provisions of Michigan law thus fails to state a claim upon which relief may be granted under § 1983.

A federal court, in its discretion, may agree or decline to hear pendent state claims when all federal claims are dismissed. *United Mine Workers v. Gibb*, 383 U.S. 715, 725-26 (1966); *Province v. Cleveland Press*, 787 F.2d 1047, 1055 (6th Cir. 1986). Such discretion, however, has been characterized as minimal. *Province*, 787 F.2d at 1055. Only when there exists "overwhelming interests in judicial economy" that outweigh the interest in avoiding needless state law decisions may a district court exercise its discretion to decide pendent state claims. *Id.* No such interests exist in this case. The Court therefore declines to retain jurisdiction over any state law claims.

### F.    Immunity

Lastly, the Court finds that the defendant probation officers and supervisor are entitled to quasi-judicial immunity on Plaintiff's claims for damages. Absolute judicial immunity is extended to non-judicial officers who perform "quasi-judicial" duties. Quasi-judicial immunity is granted to state officials when (1) their positions are akin to that of judges; (2) the potential for vexatious lawsuits is great; and (3) enough safeguards exist to protect the complainant's constitutional rights. *Purisch v.*

*Tenn. Tech. Univ.*, 76 F.3d 1414, 1422 (6th Cir. 1996); *see also Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (quasi-judicial immunity "extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune").   Applying these principles, courts have found that working as a probation official is a judicial function protected from liability by quasi-judicial immunity.  *See Loggins v. Franklin Co., Ohio*, 218 F. App'x 466, 476 (6th Cir. 2007) (probation officer entitled to quasi-judicial immunity when acting within the scope of duties as a probation officer); *Horton v. Martin*, 137 F. App'x 773, 774 (6th Cir. June 7, 2005) (parole officers enjoy absolute immunity from liability for actions taken in connection with their official duties, such as the preparation of reports); *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (probation officers who prepare pre-sentence reports are closely associated with the exercise of a judicial function and entitled to absolute immunity).  Thus, to the extent that Plaintiff's claims arise from the probation officers actions in preparing pre-sentence reports or taking other actions during court-related duties, the defendants are entitled to quasi-judicial immunity.

## III.    CONCLUSION

The Court concludes that Plaintiff fails to state a claim upon which relief may be granted in his complaint and that the defendants are entitled to quasi-judicial immunity for actions taken in connection with preparing pre-sentence reports.  The

Court also declines to exercise supplemental jurisdiction over Plaintiff's state law claims.  Accordingly, the Court **DISMISSES WITH PREJUDICE** the civil rights complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Given this determination, the Court also **DENIES** Plaintiff's motion for default judgment.[3]

Lastly, the Court concludes that an appeal from this order would be frivolous and cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  January 13, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 13, 2015, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135

---

[3]Plaintiff's motion for default judgment is moot given the Court's dismissal of the complaint. Moreover, a default judgment is inappropriate because the Court dismissed the complaint *sua sponte* before service upon the defendants.

11